# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 13-1250** (Randolph County 12-F-43)

**Richard D.,**
**Defendant Below, Petitioner**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard D., by counsel Agnieszka Collins, appeals the Circuit Court of Randolph County's October 18, 2013, order sentencing him to an effective term of ten years of incarceration for five counts of possession of material depicting minors engaged in sexually explicit conduct, in violation of West Virginia Code § 61-8C-3.[1]  The State, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that his plea of nolo contendere was not entered knowingly, intelligently, or voluntarily.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2012, petitioner was indicted on the following sixteen felony counts: one count of first-degree sexual assault committed on an eight year old, in violation of West Virginia Code § 61-8B-3; five counts of use of minor to produce obscene matter, in violation of West Virginia Code § 61-8A-5; five counts of use of minors in filming sexually explicit conduct, in violation of West Virginia Code § 61-8C-2(b); and five counts of possession of material depicting minors engaged in sexually explicit conduct, in violation of West Virginia Code § 61-8C-3. This indictment stemmed from incidents that occurred in 2003 involving his then eight-year-old niece.

---

[1]Because this case involves a minor victim of sex crimes who is related to the petitioner, we use only the petitioner's first name and last initial consistent with our practice in cases involving minors and sensitive facts. *See State ex rel. Dept. of H.S. v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987). We also note that the West Virginia Legislature amended West Virginia Code § 61-8C-3, effective in June of 2014, to modify its penalty. We review petitioner's conviction and sentence under the version of West Virginia Code § 61-8C-3 in effect at the time of the underlying acts at issue.

1

Following petitioner's indictment, the State indicated its intention to introduce evidence related to petitioner's prior conviction in 2010 on one count of sexual abuse by a parent, guardian, custodian or person in position of trust to a child, in violation of West Virginia Code § 61-8D-5, pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Petitioner objected to the State's use of such evidence. However, prior to the circuit court's ruling on the potential Rule 404(b) evidence, petitioner and the State agreed on a plea deal in which petitioner would plead nolo contendere to five counts of possession of material depicting minors engaged in sexually explicit conduct, in violation of West Virginia Code § 61-8C-3. In exchange, the State agreed to dismiss the remaining counts in the indictment and not seek a recidivism enhancement. The seven-page plea agreement, signed by petitioner and his counsel, stated that petitioner understood the maximum sentence "for each count" was two years in prison.

In August of 2013, petitioner pled nolo contendere to those five counts in accordance with the plea agreement. During the plea colloquy with the circuit court, petitioner acknowledged that he could read and write the English language and possessed a college degree in business. He stated that he had known of the plea agreement for several days, had read it, and had reviewed it with his attorney. He further acknowledged that he signed the plea agreement and that he understood his constitutional and statutory rights and their waiver by entry of his plea. When asked specifically by the circuit court whether he wished to change his mind and move forward with trial or continue with the plea agreement, petitioner stated, "[c]ontinue with the [p]lea [a]greement, ma'am." Out of an abundance of caution, the circuit court asked petitioner again, "[y]ou sure you don't want to change your mind?" Petitioner unequivocally answered, "Yes, I'm sure." The circuit court found that petitioner was alert and intelligent and understood the nature of the proceedings. Specifically finding that petitioner's plea agreement was knowing, intelligent, and voluntary, the circuit court accepted his plea of nolo contendere to those five counts, and the State dismissed the remaining counts in the indictment.

In October of 2013, the circuit court held petitioner's sentencing hearing. Petitioner orally moved to withdraw his plea, expressing his dissatisfaction with his conviction because he claimed he possessed the images at issue for legitimate reasons. He also expressed dissatisfaction with his counsel, although he admitted that his counsel had not coerced him into accepting the plea and that his plea was in his best interests. By order entered on October 18, 2013, the circuit court denied his motion and sentenced him to two years on each of the five counts. Each sentence was ordered to run consecutive to one another and to the 2010 conviction. This appeal followed.

This Court has previously explained, "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." Syl. Pt. 1, *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978). In this regard, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

On appeal, petitioner argues that his conviction and sentence should be reversed because he was coerced to accept the plea agreement by (1) the amount of potential prison time he faced

2

and (2) humiliation at the State's threat to introduce evidence of his 2010 conviction.[2] However, despite his argument that he was coerced and did not voluntarily enter his plea, petitioner admits that the circuit court followed all "plea formalities" and followed the West Virginia Rules of Criminal Procedure. We agree. It is abundantly clear from the record on appeal that the circuit court adhered to the requirements of both *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), and Rule 11 of the West Virginia Rules of Criminal Procedure during its thorough plea colloquy with the petitioner. Following a thorough review of the record on appeal, we find no evidence that would lead us to the conclusion that petitioner's plea was either improperly entered into by him or improperly accepted by the circuit court.

Further, we find no evidence that the State coerced petitioner into accepting a plea agreement by presenting a sixteen-count indictment to the grand jury, which the grand jury returned, or the State's intention to introduce evidence of his 2010 conviction. Despite petitioner's argument, the State has the authority to seek indictments, and it has the authority to move the admission of a criminal defendant's collateral acts or crimes in certain situations. *See State ex rel. Hamstead v. Dostert*, 173 W.Va. 133, 313 S.E.2d 409 (1984) (discussing prosecutorial discretion); W.Va. R. Evid. 404(b) (providing for admission of other crimes, wrongs, or acts in certain circumstances.); Syl. Pt. 2, *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990) (stating that "[c]ollateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment."); *see also Maloney v. Coiner*, 152 W.Va. 437, 164 S.E.2d 205 (1968) (holding that plea to lesser-included offense in exchange for State's fulfilled promise to seek recidivist action on only prior conviction, not two, was not coercion amounting to involuntary plea). The record simply provides no such evidence of coercion by either the State or the circuit court. To the contrary, the record is rife with petitioner's statements at both the plea and sentencing hearings that he made a conscious decision to accept the plea agreement. Accordingly, we find that petitioner's plea was knowingly, intelligently, and voluntarily made.

Although not raised as separate assignments of error, petitioner argues (1) that he should have received a ruling on the Rule 404(b) evidence prior to accepting the plea agreement and (2) that this Court should consider the 2014 statutory revision to West Virginia Code § 61-8C-3 when considering his sentence under the older version of that statute in place at the time of petitioner's criminal acts. We find no error as to either of these issues. Petitioner voluntarily accepted the plea agreement knowing that he had not yet received a ruling on the Rule 404(b) evidence, and the revision to West Virginia Code § 61-8C-3 did not take effect until after the time of the criminal acts, his entry of a nolo contendere plea, and his sentencing. Therefore, we find no merit to these arguments on appeal and no reversible error in the circuit court's order.

---

[2]It is unclear from petitioner's brief to this Court who he claims coerced him. As petitioner cites the Fourth and Fifth Amendments to the United States Constitution, we presume for purposes of our review that he alleges governmental coercion by either the State or circuit court or both.

For the foregoing reasons, the circuit court's October 18, 2013, order, is hereby affirmed.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II